# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**                    Case No: 6:14-cv-144-Orl-28KRS

**NANCY MOON,**

   **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 9)** |
| **FILED:** | **February 28, 2014** |

**I. BACKGROUND.**

  On January 28, 2014, Plaintiff United States of America ("United States") filed the instant lawsuit against Defendant Nancy Moon seeking to recover principal and interest owed by Moon due to her failure to make payments on a student loan, along with attorney's fees and costs. Doc. No. 1. The Complaint was served on Moon's son, who is 15 years of age or older and resides with Moon. Doc. No. 6-1. Moon failed to appear and respond to the Complaint. Following a motion from the United States, the Clerk of Court entered a default against Moon. Doc. No. 8.

  The United States now seeks entry of a default judgment against Moon. Doc. No. 9. Its motion is supported by the following:

- Verified Certificate of Indebtedness for the loan at issue in this case (*Id.* at 6)[1];

- Declaration from counsel for the United States requesting $1,240.00 in attorney's fees (*Id.* at 7-8);

- Copy of the promissory note at issue in this case (*Id.* at 9); and

- Declaration from counsel for the United States averring, among other things, that Moon is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) and is not serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (*Id.* at 10-11).

The motion also includes a section titled "Bill of Costs," in which the United States seeks to recover $35.00 pursuant to 28 U.S.C. § 1921. *Id.* at 3.

Moon was served with a copy of the motion (*see id.* at 4), but has not responded to it, and the time for doing so has passed. Accordingly, the motion for default judgment is ripe for consideration.

## II. APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court

---

[1] This document was also attached to the Complaint. *See* Doc. No. 1-1.

determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

### III. ALLEGATIONS OF THE COMPLAINT.

On or about December 14, 2001, Moon executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education ("Department"). Doc. No. 1-1. The loan was disbursed for $32,904.92 on January 4, 2002, at an annual interest rate of 8.25 percent. The Department demanded payment according to the terms of the note, and Moon defaulted on her obligation on July 3, 2004. A total of $5,129.96 in unpaid interest was capitalized and added to the principal balance. The Department has credited a total of $2,498.31 in payments from all sources. Accordingly, as of October 12, 2010, Moon owed $38,034.88 in principal and $19,074.88 in interest for a total debt of $57,109.76. *Id.* Interest continues to accrue at the rate of $8.59 per day. In the complaint, the United States alleges that, as of January 28, 2014, the interest owed had increased to $29,322.42, for a total debt of $67,357.30. Doc. No. 1 ¶ 3.

### IV. ANALYSIS.

*A. Liability.*

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193,

197 (5th Cir. 2001)).[2]  The body of the Complaint does not allege that Moon executed the promissory note, that the United States is the present holder of the note, or that the note is in default.  However, Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Attached to the complaint is a verified Certificate of Indebtedness.  The Certificate avers that Moon signed the promissory note at issue in this case to secure a loan from the Department and that Moon is in default on the note.  By failing to answer the Complaint, Moon is deemed to have admitted these factual allegations.  These admissions are sufficient to establish that Moon is liable for payment due under the note.

    *B.*    *Damages.*

The verified Certificate of Indebtedness establishes that Moon failed to pay the sums due under the promissory note.  Doc. No. 1-1.  The U.S. Department of Education avers that Moon owes the United States the following sums:

| | |
|---|---|
| Principal: | $ 38,034.88 |
| <u>Interest:</u> | <u>$ 19,074.88</u> (as of Oct. 12, 2010) |
| Total debt as of 10/12/10: | $ 57,109.76 |
| Additional prejudgment interest: | $      8.59 per day. |

*Id.*  Counsel for the United States also avers that, as of February 21, 2014, the total amount of interest owed had increased to $29,623.31, for a debt total of $67,658.19 as of that date.  *See* Doc. No. 9 at 11.  This is sufficient to establish the damages due to the United States for this claim.

---

[2] Unpublished decisions of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

*C.     Costs.*

The United States seeks $35.00 in costs.  *Id.* at 3.  This amount is described only as "Fee for Service and Travel per 28 U.S.C. Sec. 1921."  *Id.*

Pursuant to Fed. R. Civ. P. 54(d), "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary.  The recovery of costs is subject to the Court's broad discretion, *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), and is limited to those costs expressly provided for by statute, *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Generally speaking, service of process fees are taxable costs.  However, the United States presented no evidence that it actually incurred the $35.00 requested (such as an invoice), other than counsel's representation that the information contained in the motion is true.  It is also unclear whether the $35.00 cost is an amount paid to a process server, or some other cost, thereby making it impossible for the Court to determine whether the $35.00 is, in fact, compensable as a cost under 28 U.S.C. § 1921.  *Cf. United States v. Spann*, 797 F. Supp. 980, 983 (S.D. Fla. 1992) (requiring the United States to provide documentation describing the exact nature and amount of the expenses incurred).  Accordingly, I recommend that the Court not award costs at this time,[3] but permit the United States to file a motion renewing its request for costs within a time established by the Court in its Order on this Report and Recommendation.  Any such motion

---

[3] I note that this is not the first time that counsel for the United States has been advised that the Court requires more than an ambiguous entry in a Bill of Costs to support an award of costs under 28 U.S.C. § 1921.  *See, e.g.*, *United States v. Bennett*, No. 6:09-cv-1242-Orl-28KRS, 2010 WL 185105, at *3 (M.D. Fla. Jan. 19, 2010); *United States v. Baron*, No. 6:08-cv-414-Orl-31KRS, 2008 WL 4459074, at *3 (M.D. Fla. Sept. 30, 2008).

should be supported by evidence establishing that the costs requested were actually incurred and are compensable under § 1921 (such as an invoice from a process server).

D.     *Attorney's Fees.*

The United States also seeks to recover $1,240.00 in attorney's fees (representing 6.2 hours of work at $200.00 per hour), arguing that such fees may be awarded pursuant to the promissory note and 20 U.S.C. § 1091a and its implementing regulations. Doc. No. 9 at 2-3, 7-8. With its motion, the United States filed a declaration in which counsel for the United States summarized the time spent on this case and avers that $200.00 is his usual and customary hourly rate. *Id.* at 7-8.[4]

The Court must first consider whether the United States is entitled to recover fees in this case under governing law. As mentioned above, the United States asserts that it is entitled to attorney's fees pursuant to the promissory note and 20 U.S.C. § 1091a and its implementing regulations. Doc. No. 9 at 2-3. Section 1091a(b)(1) provides that "a borrower who has defaulted on a [student] loan . . . shall be required to pay . . . reasonable collection costs." One of the statute's implementing regulations provides that, for loans made under the William D. Ford Federal Direct Loan Program, "[i]f a borrower defaults on a Direct Loan, the Secretary [of Education] assesses collection costs on the basis of 34 CFR 30.60." 34 C.F.R. § 685.202(e)(2); *see also generally* 34 C.F.R. § 685.100, *et seq*. Part 30 of 34 C.F.R. governs debt collection procedures by the Department of Education generally. It provides that the Secretary of Education

---

[4] I note that, while this declaration details time expended on all phases of this case, it is not supported by contemporaneous time records and the declaration itself does not identify *when* the work was performed. The declaration also makes it unclear whether counsel for the United States personally performed all the work claimed. *See* Doc. 9 at 7 (emphasis added) ("[Counsel] deposes and says . . . [t]hat he has expended time associated with the *Motion for Entry of Default Judgment*, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows . . . ."). As discussed further below, counsel for the United States also avers that he has expended 2.0 hours of time associated with "Post Judgment Collection," which averment cannot be true when, as here, no judgment has been issued.

- 6 -

"may charge a debtor for the costs associated with the collection of a particular debt" and that "[t]hese costs include, but are not limited to . . . [c]ourt costs and attorney fees." 34 C.F.R. § 30.60(a).

In the instant case, the verified Certificate of Indebtedness from the Department establishes that the loan at issue was made under the William D. Ford Federal Direct Loan Program and 34 C.F.R. Part 685. Accordingly, the United States is legally entitled to an award of attorney's fees.

Despite the United States' legal entitlement to fees, I cannot recommend that the Court grant its motion for fees at this time. The declaration in support of attorney's fees is not supported by contemporaneous time records and it is not clear that counsel of record for the United States personally performed all the work described in the time sheet.[5] If a paralegal or legal assistant performed some of the work claimed in the declaration, it would not likely be appropriate to make an award of $200.00 per hour for any such time worked. *Cf. United States v. O'Connor*, No. 04 CV 2546(ARR), 2006 WL 1419388, at *6-7 (E.D.N.Y. May 18, 2006) (finding in a student loan collection case that lack of contemporaneous records of the work performed and failure to identify who performed the work undermined the request for attorney's fees made by counsel for the United States). In addition, the United States is seeking fees for 2.0 hours of work that has not yet been performed (identified as "Post Judgment Collection" on the declaration of counsel for the United States). Doc. No. 9 at 8. Courts do not award fees for work not yet performed. *See, e.g.*, *Nat'l Alliance for Accessability, Inc. v. Hull Storey Retail Group, LLC*, No.

---

[5] In another student loan default judgment case pending in this Court, counsel for the United States filed a motion for attorney's fees in which he states that no time records exist, other than the declaration of counsel, and that "[w]ork was performed by the undersigned counsel with the aid of assistants." *United States v. Hollyfield*, No. 6:14-cv-10-Orl-28KRS, Doc. No. 14 at 3 (M.D. Fla. Apr. 21, 2014).

3:10-cv-778-J-34JBT, 2012 WL 3853520, at *4 (M.D. Fla. June 28, 2012), *adopted* 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012).

Nonetheless, it is possible that the United States will be able to prevail on a request for attorney's fees if it is given another opportunity to submit evidence in support of its request and to brief its entitlement to fees for work not yet performed. The United States should support such a request with contemporaneous time records showing the date the work was performed, if they exist. If there are no contemporaneous time records for the case, the United States should submit evidence sufficient to show how the United States determined what work was performed and the time expended on each task. The United States must also present evidence of identity of the person who performed each task—the United States is not entitled to fees at a reasonable hourly rate of an attorney for work performed by a paralegal, legal assistant or law clerk[6]—and evidence sufficient to establish the reasonable hourly rate for each individual who performed the work for which a fee award is sought.

**V.     RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that the Court:

(1)    **GRANT in part and DENY in part** the Motion for Entry of Default Judgment (Doc. No. 9);

(2)    **FIND** Nancy Moon liable to the United States of America in the amount of $38,034.88 plus accrued prejudgment interest;

(3)    **DIRECT** the United States to submit a proposed judgment with the prejudgment interest calculated *as of the date provided by the Court* following the Court's resolution of the costs and attorney's fees and costs issues; and,

(4)    **DENY without prejudice** the requests for costs and attorney's fees at this time, but provide the United States *a period of time established by the Court* to file a motion,

---

[6] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

memorandum of law, and evidence in support of its requests for costs and attorney's fees and require that any such filing comply with the recommendations I set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 9th, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy