# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-144-Orl-41KRS**

**NANCY MOON,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:    PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Doc. No. 12)**
>
> **FILED:      June 2, 2014**

## I.     PROCEDURAL HISTORY.

This is a case in which the United States is attempting to collect monies due on a student loan taken out by Defendant Nancy Moon.  Moon did not appear and respond to the complaint. Following a motion from the United States, the Clerk of Court entered a default against Moon. Doc. Nos. 7, 8.  Thereafter, the Court found that Moon was liable and that she owed the United States damages in the amount of $38,034.88 plus accrued prejudgment interest.  Doc. No. 11. Because the information provided by the United States to support its request for an award of attorneys' fees and costs was deficient, the Court permitted the United States to file the above-referenced motion.

Because the motion for attorneys' fees was still not supported by sufficient evidence and legal authority, I held a hearing at which counsel for the United States and a member of counsel's law firm appeared and provided additional information. The United States also filed a supplement to the motion. Doc. No. 18. The motion is now ripe for resolution.

## II. ANALYSIS.

Moon's student loan was issued by the Department of Education under the William D. Ford Federal Direct Loan Program. Doc. No. 1-1. Federal law provides that "a borrower who has defaulted on a [student] loan . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). One of the statute's implementing regulations provides that, for loans made under the William D. Ford Federal Direct Loan Program, "[i]f a borrower defaults on a Direct Loan, the Secretary [of the Department of Education] assesses collection costs on the basis of 34 CFR 30.60." 34 C.F.R. § 685.202(e)(3). Part 30 of 34 C.F.R. governs debt collection procedures by the Department of Education generally. It provides that the Secretary of the Department of Education "may charge a debtor for the costs associated with the collection of a particular debt" and that "[t]hese costs include, but are not limited to . . . [c]ourt costs and attorney fees . . . ." 34 C.F.R. § 30.60(a). Accordingly, the United States is legally entitled to an award of attorneys' fees and costs in this case.

Steven Davis, Esq., counsel for the United States, submitted a revised declaration in which he set forth the work performed and the time expended on each task. Doc. No. 18 at 5-6. I determined at the hearing on the motion that these time records were recreated from review of the file rather than contemporaneously maintained records. At my direction, the managing shareholder of the law firm representing the United States conducted an investigation to determine whether the re-creation of the time appears to be correct and whether Attorney Davis performed all of the work

listed in his declaration.  *See* Doc. No. 14.  I am satisfied from the report of the managing shareholder of the outcome of the investigation that the tasks performed and hours worked are accurately recreated and that Attorney Davis performed the work.

In his revised declaration, Attorney Davis attests that he worked 9.5 hours on this case. Doc. No. 18 at 5-6.[1]  The hours worked are reasonable in the absence of objection.

Attorney Davis has been a member of the Florida Bar since 1991.  *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven Mark Davis") (last visited July 29, 2014).  He seeks a rate of $200.00 per hour.  This hourly rate is reasonable for an attorney with 23 years of experience in a case of this type.

Accordingly, the lodestar attorney's fee is $1,900.00.[2]  I recommend that the Court find that this fee is reasonable.

The United States also seeks to recover $35.00 in costs of service of process.  The request is supported by the process server's invoice.  Doc. No. 12 at 8.  Service of process costs are taxable.  28 U.S.C. § 1921.

### III. RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion for Attorneys' Fees (Doc. No. 12), as revised (Doc. No. 18).  I further **RECOMMEND** that the Court require Defendant Nancy Moon to pay the United States $1,900.00 in attorneys' fees and $35.00 in costs.  I further **RECOMMEND** that the Court direct the Clerk of

---

[1] Attorney Davis withdrew his previous request for 2 hours of work that he anticipated he would perform after a judgment is entered.

[2] Calculated as follows:   $200.00 per hour x 9.5 hours = $1,900.00.

Court to issue a judgment consistent with its previous order (Doc. No. 11) and its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy